**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SHEILA CROSS, individually as next
friend of Deven Cross,
<u>Plaintiff-Appellant,</u>

v.                                                                          No. 96-1241

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CA-95-75-1)

Argued: December 6, 1996

Decided: December 31, 1996

Before RUSSELL and MOTZ, Circuit Judges, and MICHAEL,
Senior United States District Judge for the Western District of
Virginia, sitting by designation.

_____

Reversed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Paul Joseph Harris, HARRIS & BUSH, Elkins, West Vir-
ginia, for Appellant. Boyd Lee Warner, WATERS, WARNER &
HARRIS, Clarksburg, West Virginia, for Appellee. **ON BRIEF:**
Frank P. Bush, Jr., HARRIS & BUSH, Elkins, West Virginia, for

Appellant. G. Thomas Smith, WATERS, WARNER & HARRIS, Clarksburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Sheila Cross was injured in an automobile accident in July, 1992 when Bernard Bohon allegedly ran a red light and collided with the vehicle in which Cross was a passenger. Because of her injuries, Cross was unable to work for some time.

State Farm Insurance Co. insured Bohon. State Farm's initial determination was that Bohon was primarily at fault for the accident and so a claims adjuster contacted Cross soon after the accident and offered her approximately $1200 to settle the claim. Unsatisfied with the offer, Cross hired a lawyer. State Farm then refused to make any further lost wages or medical bill payments until final settlement. Although Cross regained employment three months after the accident, during the subsequent two years she underwent shoulder surgery, surgery for carpal tunnel syndrome, and extensive physical therapy. In January 1995, the parties settled the accident claim for $35,000.

Cross first brought a suit against State Farm and the Bohons in West Virginia state court in November 1992. The court dismissed Cross' bad faith claim because her underlying claim as to liability for the accident was still pending. After settling the underlying case, Cross reinstated her bad faith claim, which is the action at issue here, again in West Virginia state court. State Farm removed the case to federal court. Following discovery, the parties filed cross-motions for summary judgment; the district court granted State Farm's motion and dismissed Cross' motion with prejudice.

2

Cross appeals to this court, making three arguments. With regard to two of these, we adopt the reasoning of the district court. Like the district court, we conclude it would have prejudiced State Farm to continue paying Cross' medical bills and lost wages without any adjudication of liability or the extent of Cross' damages; thus State Farm did not violate the terms of W. Va. Code State R.§ 114-14-6(6.8) ("[P]ayment for [undisputed elements of a claim] shall be made . . . where such payment can be made without prejudice to either party."). Similarly, we believe the district court correctly concluded that, like most other jurisdictions, West Virginia would not allow third parties to assert common law causes of action for bad faith.

However, we part with the district court in its determination that Cross could not establish a claim under W. Va. Code§ 33-11-4(9) (Michie 1992) for unfair claim settlement practices"with such frequency as to indicate a general business practice" because all of the alleged violations of the statute arose from the same claim. Although this was a fair reading of the law when the district court ruled, subsequently, in Dodrill v. Nationwide Mutual Insurance Co., No. 23090, 1996 WL 591026, at *1 (W. Va. Oct. 15, 1996), the West Virginia Supreme Court of Appeals held that:

> To maintain a private action based upon alleged violations of W. Va. Code § 33-11-4(9) in the settlement of a single insurance claim, the evidence should establish that the conduct in question constitutes more than a single violation of W. Va. Code § 33-11-4(9), that the violations arise from separate, discrete acts or omissions in the claim settlement, and that they arise from a habit, custom, usage, or business policy of the insurer, so that, viewing the conduct as a whole, the finder of fact is able to conclude that the practice or practices are sufficiently pervasive or sufficiently sanctioned by the insurance company that the conduct can be considered a "general business practice" and can be distinguished by fair minds from an isolated event.

Dodrill, at *1 (Syllabus point 4). Thus, West Virginia's highest court has now made it clear that it is possible to find a violation of § 33-11-4(9) "based upon alleged violations . . . in the settlement of a single insurance claim." Id.

3

The Dodrill court sustained a jury award in a bad faith claim under § 33-11-4(9) under circumstances substantially similar to those presented here. See Dodrill, at *1-*11. Therefore, we reverse and remand to the district court to reconsider, in light of Dodrill, its conclusion as to Cross' claim of alleged violation of § 33-11-4(9).

REVERSED AND REMANDED

4

n